UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES FULLER

versus

WARDEN, ET AL.

CIVIL ACTION NO. 03-1098-P

JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

## **REPORT AND RECOMMENDATION**

**Introduction**

James Fuller ("Petitioner") and co-defendant Kendrick Williams were convicted of the second degree murder of Willie Graham. The evidence showed that Petitioner and Williams were walking together and smoking marijuana in the Allendale area of Shreveport when they came upon Graham, attempted to rob him, and shot him multiple times. Graham managed to run away, but he later died from one of the gunshot wounds. When Petitioner was arrested, he told police that he was not the "trigger man," but the testimony of an eyewitness placed Petitioner as a direct participant in the crime and as the initial trigger man. The jury returned a guilty verdict, and the conviction was affirmed on direct appeal. State v. Fuller, 759 So.2d 104 (La. App. 2d Cir. 1999), writ denied, 766 So.2d 1273 (La).

Petitioner later filed with the state court an application for post-conviction relief and asserted for the first time the claims he raises in this federal habeas petition: (1) ineffective assistance of counsel and (2) Brady violation based on failure to disclose potential

impeachment evidence. It is recommended, for the reasons that follow, that the petition be denied because both claims are procedurally barred from federal habeas review.

**Procedural Bar**

A federal court will not review a federal constitutional claim raised in the state courts if the state court judgment rests on a state law ground, substantive or procedural, that is both *independent* of the merits of the federal claim and an *adequate* basis for the court's decision. Harris v. Reed, 109 S.Ct. 1038, 1042 (1989). This doctrine applies to bar federal habeas, for example, when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement such as a time limit for briefing. Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991).

Petitioner first asserted his Strickland and Brady claims in his post-conviction application. Tr. 879. The district judge did not hold a hearing, but he issued a written decision that rejected the claims on the merits. Tr. 911-12. Petitioner's appellate counsel, who was also representing him when he filed the post-conviction application, obtained from the district court an extension of time until March 3, 2002 to file with the appellate court an application for supervisory writ. Tr. 915B. Counsel then filed a motion to withdraw, which was granted. Attached to the motion was a letter to Petitioner that notified him of the withdrawal and cautioned him about the March 3 deadline to file a writ application. Counsel also warned Petitioner of the potential for a procedural bar from further pursuit of the issues if they were not the subject of a timely writ application. Tr. 919A-919E.

Before counsel's letter even reached him, Petitioner quickly filed an application to the Court of Appeal requesting supervisory review. Tr. 916. The application was postmarked February 1, 2002 and filed February 13, 2002, within thirty days of the district court's decision (the time permitted by the rules) and well within the extension obtained by counsel. The application was, however, deficient because it merely made a conclusory assertion that the trial court's judgment was contrary to law. Petitioner did not make any elaboration of the claims presented to the district court or that court's disposition of the claims, nor did he attach a copy of the district court's decision. Tr. 916-19.

The Court of Appeal denied the writ because it "fails to comply with U.R.C.A. 4-5." Tr. 921. That rule requires that a writ application include several items, including a copy of the ruling complained of, a concise statement of the case, assignment of errors, and a discussion of the issues and questions of law presented for determination by the court. The Court of Appeal particularly noted that, without a copy of the ruling complained of, "it is impossible to glean from the writ application record the trial court's disposition, if any, of the applicant's post-conviction relief application." Id.

The Uniform Rules of the Courts of Appeal "do not provide for a rehearing from a denial of an application for supervisory writs." State v. Crandell. __ So.2d __, 2006 WL 584727 (La. 2006). Petitioner nonetheless filed a motion for reconsideration. Tr. 922-23. He asked, in light of his pro se status and lack of legal knowledge, that he be permitted an opportunity to correct the problems with his application. Petitioner did not, however, submit

a copy of the district judge's decision or include the other material required by the rules. The Court of Appeals denied the motion. Tr. 927. While the first line of the order states "**WRIT RECONSIDERATION DENIED**," the text of the order suggests the court also construed the motion as containing a request to extend the period of limitations for the filing of a post-conviction application. Id. The court observed that it had no authority to extend that period beyond the delay allowed by the legislature in La. C.Cr.P. art. 930.8, so it also ordered that the "motion for extension of time to file for post-conviction relief is denied." Id.

Petitioner applied to the Supreme Court of Louisiana for a supervisory writ. The Supreme Court simply ordered that the application was "Denied." Tr. 964.

As stated above, a federal court will not review a federal constitutional claim raised in the state courts if the state court judgment rests on a state law ground, substantive or procedural, that is both *independent* of the merits of the federal claim and an *adequate* basis for the court's decision. To fulfill the *independent* requirement, the last state court that issues a reasoned judgment must "clearly and expressly" indicate that its judgment rests on the state procedural bar. The federal court must "look through" unexplained writ denials in search of the last reasoned opinion. Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991). The Court of Appeal's writ denial was the last reasoned decision. It rested squarely and solely on a procedural defect – Petitioner's failure to comply with U.R.C.A. 4-5. The independent prong of the defense is satisfied.

The procedural rule is *adequate* if it is one that the state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims. Amos v. Scott, 61 F.3d 333, 339 (5th Cir. 1995); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). There is a presumption of adequacy and the burden is on a petitioner to overcome it. Amos, supra. It is the experience of this court, based on the review of habeas petitions filed here that arise from the Louisiana courts, that U.R.C.A. 4-5 is applied in a fashion that makes it adequate. The state courts should "not be hypertechnical in applying their rules with regard to uncounselled post-conviction applications" for supervisory writs. State ex rel. Wilson v. Blackburn, 505 So.2d 1134 (La.1987). But the requirement that an applicant attach a copy of the ruling or decision attacked in the writ and make arguments regarding the same are not mere technicalities. Those submissions are essential to the ability of the appellate court to review the district court's decision. Petitioner has not shown that the appellate courts do not apply those requirements regularly and evenhandedly in the vast majority of cases, so he has not overcome the presumption that the procedural rule is adequate.

A procedural default may be excused only upon a showing of "cause" and "prejudice" or that application of the doctrine will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. at 2564. The "cause" standard requires the petitioner to show that some objective factor external to the defense impeded his efforts to raise the claim in state court. Murray v. Carrier, 106 S.Ct. 2639 (1986). As for the second factor, a "showing of pervasive actual prejudice can hardly be thought to constitute anything other

than a showing that the prisoner was denied 'fundamental fairness' at trial." Murray, 106 S.Ct. at 2648. Finally, the fundamental miscarriage of justice exception applies only when petitioner shows, as a factual matter, that he is actually innocent: that he did not commit the crime of conviction. Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998).

The state has not specifically asserted a procedural bar defense, but it did complain in its memorandum that Petitioner did not properly present to the appellate court the claims at issue. The state argued that Petitioner had, because of that failure, failed to exhaust his state court remedies, and that the state period of limitations for post-conviction applications now prevent exhaustion. The State then cited Coleman and several Fifth Circuit cases that address the procedural bar defense. Some of those cases make the point that when a claim is not exhausted and the state-law period of limitation has passed, the claim is deemed to be procedurally barred. The state did not specifically use the term "procedural bar," but the concept was certainly presented.

A district court may also raise a procedural default *sua sponte*. Principles of comity and judicial economy that provide the basis for the procedural default doctrine should guide the court's discretion. Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998). It is appropriate for this court, in the exercise of its discretion, to raise the procedural bar to the extent the state has not done so. The federal courts should respect the state courts' enforcement of reasonable procedural rules, such as the requirement that was violated in this

case. Furthermore, if this court were to proceed to address the merits of the claims raised, it would be without the benefit of an opinion from the appellate court, to which substantial deference would ordinarily be due under 28 U.S.C. § 2254. For all that we know, had Petitioner properly presented his application, the appellate court may have, as it often does, ordered that a hearing be held on one or both of the claims, which would have provided this court with a sound evidentiary record on which to judge the claims. Petitioner's procedural failure precluded that opportunity, so the default should not be excused.

When a court raises procedural default *sua sponte*, due process requires that the habeas petitioner be provided with (1) notice that procedural default will be an issue and (2) a reasonable opportunity to respond with argument opposing application of the doctrine. Magouirk, 144 F.3d at 348. This Report and Recommendation and the ten day period for filing objections that follows it satisfies those requirements. Id. The undersigned sees no apparent basis for finding cause. Petitioner had no right to counsel during the post-conviction process, and he was representing himself at the time he made the mistake that resulted in the bar. There is no evidence of an objective factor external to the defense that caused Petitioner's failure to comply with U.R.C.A. 4-5. Pro se status and ignorance of the law are not external factors that constitute cause to overcome a default. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). There is also no evidence of actual innocence. Petitioner contested the sufficiency of the evidence on direct appeal, but the state courts affirmed under the Jackson v. Virginia standard. Petitioner will be permitted the opportunity to offer

argument on these points in his objections, but the current record does not provide a basis to overcome the procedural bar.[1]

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and that Petitioner's complaint be **DISMISSED WITH PREJUDICE.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[1] The State has also asserted a timeliness defense, but it is not capable of resolution on the current record. The defense relies on Petitioner's failure to timely pursue certain steps during the post-conviction process. The state argues that Petitioner's writ application to the Supreme Court was filed on June 7, 2002, which is indicated by a file stamped date (Tr. 928) and would be beyond 30 days from the date the Court of Appeal denied a writ application on February 26, 2002. But a writ application is timely when properly mailed. Supreme Court Rule X, § 5(d). The records presented to this court have often shown that the file-stamp date affixed by the Clerk of the Supreme Court of Louisiana is often several days, weeks or even months later than when the application was mailed and even received in the Clerk's office. There is sometimes evidence in the record of when the item was postmarked, but no such evidence has been noted in the current record. Petitioner's signature on a supplement to the application is dated March 18, 2002 (Tr. 955-63), which is well within the 30 days from the appellate court's February 26, 2002 denial and tends to indicate that the original submission may have been timely.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 29th day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE